IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE VAN WARREN, | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 10−cv−0001−DRH−SCW |
| LEE RYKER, Warden, | ) |
|         Respondent. | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Petitioner Joe Van Warren ("Warren") is an inmate in the custody of the Illinois Department of Corrections and Respondent Lee Ryker ("Respondent"), Warden of the Lawrence Correctional Center in Sumner, Illinois. Petitioner Warren filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 4, 2010. After conducting a preliminary review of the petition, on September 17, 2010, this matter was referred to the assigned Magistrate Judge by District Judge G. Patrick Murphy pursuant to 28 U.S.C. §§636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 72.1(a).

Now before the court is Respondent Ryker's Motion to Dismiss (Doc. 13) as untimely filed Warren's petition for writ of habeas corpus ("habeas petition"). Warren filed a response to Respondent's motion on December 10, 2010 (Doc. 15). On December 20, 2010, Respondent filed a reply in support of his Motion to Dismiss (Doc. 16). Now, having thoroughly reviewed the entire record, this Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

## Findings of Fact

It is unnecessary for the Court to hold an evidentiary hearing on this matter as it can be resolved on the briefs and evidence supplied by the parties. After a jury trial, on November 15, 2002, Warren was convicted of one count each of attempted murder, armed violence and aggravated battery (Doc. 13-1, p. 1).[1] The trial court did not impose a sentence on the lesser-included offense of aggravated battery, but sentenced Warren to concurrent, 45-year prison terms on the attempted murder and armed violence counts; along with a twenty-five year enhancement of each sentence for discharging a firearm resulting in great bodily harm (*Id.* at 2-3). Warren appealed and on February 23, 2005, the Illinois Appellate Court, Fifth District, reversed his conviction and sentence for armed violence and vacated the enhancement portion of his attempted murder sentence (*Id.* at 2). The state appellate court however affirmed Warren's attempted murder conviction and his remaining twenty-year sentence (*Id.* at 7). In his direct appeal, Warren did not petition the Illinois Supreme Court for leave to appeal the judgment of the state appellate court.

On August 26, 2005, Warren filed in the state trial court a post-conviction petition pursuant to 725 ILCS 5/122-1 (*see* Doc. 13-1, p. 8). On September 9, 2005, the trial court dismissed Warren's petition "as frivolous and patently without merit" (Doc. 13-1, p. 29, 30). Warren appealed and the Office of the State Appellate Defender entered an appearance on his behalf (*Id.* at 32). Believing that Warren raised no issue of arguable merit, however, appellate counsel later moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (Doc. 13-1, p. 33). On December 28, 2007, the appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment (*Id.* at 52).

---

[1] Because the only issue raised in Respondent's Motion to Dismiss is the alleged untimeliness of Warren's habeas petition, an extended recitation of the facts of his criminal case is not necessary. However, those facts are outlined in Respondent's Exhibit B, attached to Doc. 13 (*see* Doc. 13-1, pp. 2-3).

On May 22, 2008, the Clerk of the Illinois Supreme Court received a document styled by Warren as a "late petition for leave to appeal" (Doc. 13-1, p. 55). However, because Warren failed to attach a copy of the appellate court's order, the clerk's staff held his motion pending receipt of the order, and then re-styled Warren's document as a "motion for leave to file a late petition for leave to appeal" ("PLA"), and filed it on June 19, 2008 (*Id.* at 53-54). On September 12, 2008, the Illinois Supreme Court allowed the filing of Warren's late petition; and on November 26, 2008, the Illinois Supreme Court denied Warren's late PLA (*Id.* at 61-63).

Finally, on January 4, 2010, the Clerk of this Court received Warren's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition raises two claims: (1) the evidence was insufficient to convict Warren; and (2) the State knowingly presented false testimony from two witnesses. The exact date that Warren placed the instant habeas petition in the prisoner mail system at the Lawrence Correctional Center is disputed. However, because the dispute involves a period of only roughly three weeks, it is inconsequential to the Court's ultimate resolution of Respondent's motion to dismiss.

The following chronological summary of the relevant filing events and dates is taken from the exhibits attached to Doc. 13.

| Date of conviction | November 15, 2002 |
| Date that Illinois State Appellate Court affirms, in part, Warren's conviction and sentence | February 23, 2005 |
| Latest possible deadline for filing a Petition for Leave to Appeal (PLA) with the Illinois Supreme Court and thus, the date Warren's conviction became Final | March 30, 2005 |
| Warren files postconviction petition with the state trial court and becomes entitled to tolling. | August 26, 2005 |
| Appellate court affirms dismissal of postconviction petition | December 28, 2007 |

| | |
|---|---|
| Deadline for timely filing PLA from appellate court Judgment and date on which tolling ends. | February 1, 2008 |
| Warren's "late petition for leave to appeal" is received by the Clerk of the Illinois Supreme Court (filed on June 19, 2008 as a motion for leave to file a late PLA) | May 22, 2008 |
| Illinois Supreme Court denies late PLA, ending tolling. | November 26, 2008 |
| Habeas petition filed by Warren in this Court (filed by Clerk of Court on January 4, 2010) | December 29, 2009 |
| **Total Untolled Days** | **656 (over twenty-one months)** |
| NOTE: NO petitions for *cert* were ever filed in the United States Supreme Court | |

## Conclusions of Law

On April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the present version of 28 U.S.C. §2244 went into effect. This statute creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, under the tolling provision of 28 U.S.C. §2244(d)(2), "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added).

Here, Warren's conviction was affirmed, in part, on direct appeal on February 23, 2005. Warren never petitioned the Illinois Supreme Court for leave to appeal the appellate court's Rule 23 Order and amended judgment. Because Warren did not file a PLA on direct appeal, his conviction became final when the period for seeking such review expired. *See* 28 U.S.C. §2244(d)(1)(A). Thus, according to the Seventh Circuit Court of Appeals, Warren's conviction became final when the 35 day period for filing a PLA expired, *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000);[2] here, on March 30, 2005.

As noted above, 28 U.S.C. §2244(d)(2) tolls the running of the one-year period during the time that a "properly filed" application for state postconviction remedy is *pending*. Here, Warren became entitled to tolling when he filed his postconviction petition with the state trial court on August 26, 2005. Thus, as Respondent correctly notes, 148 untolled days elapsed between the date that Warren's conviction became final and when he first properly filed his state postconviction petition.

Then, because Warren timely appealed the state trial court's dismissal of his postconviction petition, he was entitled to tolling until at least December 28, 2007, when the appellate court affirmed the trial court's dismissal of his petition. Once again, Warren then had 35 days—that is, until February 1, 2008—in which he could file a PLA with the Illinois Supreme Court. Warren

---

[2] Respondent correctly notes that the applicable state rule, Illinois Supreme Court Rule 315(b), was amended in 2006 to provide a uniform thirty-five day deadline for filing a PLA. Prior to 2006, and at the time applicable to Warren's direct appeal, Rule 315(b) provided for only a 21 day period for filing a PLA, but the time could be extended if, within the 21 day period, the party filed an affidavit that he intended to file a petition. As such, and in light of the Seventh Circuit's opinion in *Owens v. Boyd*, this Court will simply apply the maximum 35 day period. 235 F.3d 356, 357 (7th Cir. 2000).

however did not file his "late petition for leave to appeal" (PLA) until May 22, 2008, and it was not filed by the Illinois Supreme Court until June 19, 2008. As a result, two questions arise regarding how much untolled time should be counted during this interim period between the denial of Warren's postconviction petition by the state appellate court and when the Illinois Supreme Court filed his late PLA.

First, did the tolling period—which began when Warren filed his postconviction petition with the state trial court and continued through his *timely* appeal—end when the state appellate court decided his appeal (on December 28, 2007), or when his time for filing a timely PLA from the appellate court's judgment expired (on February 1, 2008)? The Seventh Circuit has explicitly declined to answer this exact question. *See Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000) (reserving the question of "whether the time provided for filing a petition or appeal to a higher court is treated as time during which an application is pending, if the time expires without a filing."); *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008) (reserving "further consideration of the intricacies of the timing rules."). For purposes of this motion, however, the Court will consider the statute tolled for the 35 day period following the state appellate court's denial of his postconviction appeal. As such, the limitations period did not recommence until February 2, 2008. Nevertheless, even when Warren is given the benefit of the longer tolling period, his federal petition is still untimely.

The second question involves when this untolled period ended. On September 12, 2008, the Illinois Supreme Court allowed the filing of Warren's late petition (Doc. 13-1, p. 62); and Warren thus became entitled to tolling from the date that his late petition was filed. As such, the *untolled* period that began on February 2, 2008, either ended when the Clerk of the Illinois Supreme Court received Warren's late petition for leave to appeal on May 22, 2008, or when it was filed by the Clerk on June 19, 2008. Warren's petition was file-stamped "Received" on May 22, 2008 (Doc. 13-1, p. 55). However, according to Respondent, "[a] staff member of the clerk's office explained to counsel

for respondent that although the clerk had received the document on this date … she did not immediately file the document because petitioner had failed to attach a copy of the appellate court's order." (Doc. 13, ¶ 7). This internal decision to delay filing the late PLA—not documented anywhere else in the record—will not be held against Warren. In fact, in this Circuit, Courts must give *pro se* prisoners the benefit of the mailbox rule in its analysis. *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999) (extending the "*Houston* 'mailbox rule' to prisoners filing *pro se* habeas petitions). As such, "a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Id.* at 502.

Here, there is no certificate of service attached to Warren's late PLA that was filed as an exhibit to Respondent's motion (*see* Doc. 13-1, p. 60). Without this evidence, the Court concludes that Warren's late PLA should be deemed filed as of May 22, 2008. As a result, the untolled limitations period that recommenced on February 2, 2008, ended on May 22, 2008—for a total of 110 untolled days. When added to Warren's earlier untolled period, the result is a total of **258 untolled days**.

As noted above, Warren was entitled to tolling from the date that his late petition was deemed filed (that is, May 22, 2008) until November 26, 2008—the date that the Illinois Supreme Court denied his PLA (Doc. 13-1, p. 63). The United States Supreme Court has made clear that the plain text of 28 U.S.C. §2244(d)(2) applies only to *state* court review, and that "[a]fter the State's highest court has issues its mandate or denied review, no other state avenues for relief remain open." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, Warren does not receive the benefit of tolling the additional ninety days within which he could have filed a petition for writ of certiorari in the United States Supreme Court because it is a *federal* court. *Id.* So, the final untolled period to be counted started on November 26, 2008 and ended on whatever date his petition is deemed to have been filed in this Court.

Once again, there is a dispute regarding the exact date that Warren "filed" his federal petition for writ of habeas corpus by giving it to the proper prison authorities. *See Jones v. Bertrand*, 171 F.3d at 502. Respondent argues that because of the disparity between the alleged dates, the Court should use the latest date of January 4, 2010, when the habeas petition was filed by the Clerk of this Court. In the end, the dispute is irrelevant because none of the alleged dates can make Warren's habeas petition timely. Nevertheless, in order to have a firm date by which a total count may be calculated, the Court will use December 29, 2009—the notarized date listed on the Proof/Certificate of Service that Warren filed with his petition (Doc. 4, p. 2).[3] As a result, between November 26, 2008 and December 29, 2009, a total of 398 untolled days elapsed. Ironically, this period alone is enough time to bar Warren's habeas petition under the present version of 28 U.S.C. §2244(d)(1).

At bottom, it is readily apparent that Warren's habeas petition was untimely. The 258 untolled days from the two earlier untolled periods, plus 398 days equals 656 days—far more than the one year provided by 28 U.S.C. §2244(d)(1). Thus, even when the Court gives Warren every potential benefit of the doubt regarding the various tolling periods, his federal petition for writ of habeas corpus was over *nine* months late.

Warren's untimely petition is not saved by any other provision of §2244(d)(1). It is apparent that §2244(d)(1)(B) and §2244(d)(1)(D) do not apply. Further, this case does not fall within the "retroactive application of a new constitutional principle" exception contemplated by §2244(d)(1)(C), as Warren does not raise any new constitutional principle in his petition.

---

[3] As Respondent notes, this same Certificate of Service earlier cites to December 9, 2009. Then, in his Response, Warren claims the Petition was filed on December 23, 2009. The Petition itself is dated September 15, 2009. Again, in the end, even using the very earliest of all these dates (September 15, 2009, a date for which neither party argues) would not make Warren's Petition timely.

Moreover, there is no basis for equitable tolling here. Warren would be entitled to equitable tolling only if he shows (1) that he has been diligently pursuing his rights, and that some "extraordinary circumstances" prevented him from timely filing a petition. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Here, Warren does not even attempt to argue for equitable tolling. Indeed, given that his petition was filed over nine months late, it is hard to even contemplate a scenario where equitable tolling could absolve Warren of such an extensive period of delay. Equitable tolling clearly does not apply.

Finally, in the last paragraph of his Response, Warren suggests that failure to address the issues raised in his petition would cause a miscarriage of justice, and he makes a feeble claim of "actual innocence" (Doc. 15, p. 14). Actual innocence, however, is not a freestanding exception to the one-year limitations period. Actual innocence is, in fact, "unrelated to the statutory timeliness rules." *Escamilla v. Jungwirth*, 426 F.3d 868, 871-872 (7th Cir. 2005). As such, even this argument cannot save Warren's untimely petition.

## **Recommendation**

Because it is clear that Warren's petition is untimely, this Court **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 13) be GRANTED. Accordingly, Petitioner Joe Van Warren's petition for writ of habeas corpus should be DISMISSED *with* prejudice.

**Objections to this Report and Recommendation must be filed by April 27, 2011**

**Submitted: April 12, 2011.**

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge